JOHN V. P. O'NEILL *vs.* SAMUEL B. REGISTER,
CHARLES B. SLINGLUFF, JAMES. FRANK MORRISON,
and others.

*Municipal corporation—Baltimore City Code of* 1879, *Article* 22, *section* 5, *of Ordinances—Discharge of Fireman—Action against the Fire Commissioners of Baltimore—Evidence.*

The Fire Commissioners of the City of Baltimore have the power, by ordinance, to dismiss an employé if he does not discharge his duties to their satisfaction; and they are not required to proceed by way of formal charge, notice, and trial before dismission.

By Article 20 of the Baltimore City Code of 1879, sec. 5, of ordinances, it is provided that the employés of the fire department "shall be entitled to retain their respective positions for such time as they evince willingness and capacity to discharge the duties pertaining thereto efficiently, harmoniously with their associates, and satisfactorily to the Fire Commissioners. Said employés shall not be subject to removal on account of any political, religious, or other sentiments entertained by them, so long as said opinion or sentiment does not interfere with the faithful and efficient discharge of their respective duties as employés of the fire department." HELD:

1st.  That if a discharged employé can show that he was not really dismissed on a charge of disrespect to his superior officer, and that the charge was merely a pretext to cover his dismissal for other and different reasons, more especially for causes which the ordinance declares should not subject him to removal, he will have a right of action against the commissioners, who cannot evade responsibility by setting up the pretence of some justifiable cause for their action.

2nd.  That in a suit by such discharged employé against the Fire Commissioners in which he alleged that their action in dismissing him was in gross, flagrant, and willful violation of their public duties, of his legal rights, and of the ordinances of the

City of Baltimore, evidence offered by the plaintiff of his good conduct on previous occasions, his capacity and efficiency, and his general reputation, had no bearing on the question of his guilt or innocence of the charge made against him, nor upon the propriety and fairness of the Commissioners' judgment, and was therefore irrelevant.

3rd. That evidence offered tending to show that certain of the Commissioners were hostile to the plaintiff because of his political preference and votes, even if the greatest effect be given it, had no tendency to show that the sentence of dismissal was not just, and that it was not the result of an honest exercise of judgment on the part of the Commissioners.

APPEAL from the Circuit Court for Howard County.

The case is stated in the opinion of the Court. The ordinance from which quotation is made in the opinion, is section 5 of ordinances, Article 20, of the Baltimore City Code of 1879.

*The First, Second, Third and Fourth Exceptions* are sufficiently stated in the opinion of the Court.

*Fifth Exception.*—At the trial the plaintiff offered the five following prayers:

1. If the jury believe from the evidence in the cause, that the plaintiff, being a fireman in the Fire Department of Baltimore City, was on October 21st, 1881, discharged by the defendants as Fire Commissioners of Baltimore City from his said position and the service of the city, on the charge of disrespect to his superior officer, without having been notified that such a charge against him was to be investigated or acted upon, and without having had an opportunity to refute such charge, and shall further believe that the said defendants did not, in the honest exercise of their judgment, believe that he had been guilty of any disrespect to any of his superior officers sufficient to merit such a penalty in the interest of the public service, then their verdict must be for the plaintiff.

2. If the jury shall find the facts in the plaintiff's first prayer as to certain of the defendants, but not as to all, then their verdict shall be for the plaintiff against those of the defendants as to whom they shall find the said facts and in favor of the remaining defendants, if any; provided, however, that the jury shall further find that the plaintiff would not have been discharged except for the participation therein of the former defendants.

3. If the jury shall find for the plaintiff, they shall award him such damages, as will, in their judgment, fully compensate him for all the direct consequences of such dismissal including loss of employment and injury to feelings or reputation, if they shall find the same to have been such direct consequences thereof, and may further award exemplary damages in their discretion.

4. If the jury shall find that the defendants, as the Fire Commissioners of Baltimore City, appointed in pursuance of the ordinances read in evidence, wilfully, maliciously or dishonestly exercised the power thereby conferred on them to remove the plaintiff from his position as foreman of an engine company in the Fire Department of the said city, then under the pleadings and all the evidence in the cause, their verdict must be for the plaintiff.

5. If the jury shall find the facts in the plaintiff's fourth prayer enumerated, as to some of the defendants only, and shall further find that others did not take part in the plaintiff's removal, or did so from honest mistake of judgment, and from no motive except a desire faithfully to discharge their duties as Fire Commissioners, then the jury shall find for the plaintiff as against such of the defendants as they shall believe to have acted wilfully, maliciously or dishonestly in effecting such removal, provided they shall further find, that but for the part therein taken by the said last mentioned defendants, the said removal would not have been effected.

The defendants offered seven prayers, but subsequently, at the suggestion of the Court, withdrew all except the following:

4. Each of the defendants severally pray the Court to instruct the jury, that there is no evidence in the cause legally sufficient to show that in dismissing the plaintiff, they severally acted maliciously or dishonestly, and the verdict of the jury must therefore be for each of the defendants severally.

The Court (JONES and BOND, J.,) rejected the prayers of the plaintiff, and granted the above prayer of the defendant. The plaintiff excepted, and the verdict and judgment being against him he appealed.

The cause was argued before MILLER, ROBINSON, IRVING, BRYAN, FOWLER, McSHERRY, and BRISCOE, J.

*Charles J. Bonaparte,* for the appellant.

*Fielder C. Slingluff,* and *William A. Hammond,* for the appellees.

*C. M. Armstrong,* filed a brief for the appellee, Morrison.

BRYAN, J., delivered the opinion of the Court.

O'Neill was the foreman of Engine Company No. 13, one of the companies of the Fire Department of the City of Baltimore. In October, 1881, he was dismissed from the service of the Department on a charge of disrespect to his superior officer. He brought suit against the Fire Commissioners, alleging that their action in dismissing him was in gross, flagrant and wilful violation of their public duties, of his legal rights, and of the ordinances of the City of Baltimore.

This controversy has already been twice before this Court in different forms. The cases are reported in 59

*Md.*, 283, and 63 *Md.*, 336.   It appears from the evidence that on the night of the twentieth of October, 1881, at a fire, the plaintiff in the presence of a number of persons, engaged in an altercation with Charles B. Slingluff, one of the Fire Commissioners, and that he carried it on in an excited, angry, boisterous and disrespectful manner. For this he was reported to the Commissioners by Slingluff and was formally dismissed.   By the ordinance the Fire Commissioners had the power to dismiss an employé, if he did not discharge his duties to their satisfaction, and in the cases in 53 *Md.*, and 63 *Md.*, it was held that they were not required to proceed by way of formal charge, notice, and trial before dismission.   The efficiency of the Fire Department would be very much diminished if the employés were permitted to treat their superior officers with disrespect in public, more especially when engaged in the performance of their official duties. The offence committed by O'Neill certainly justified the Fire Commissioners in dismissing him.   If insubordination were permitted during the time of a fire, and in the face of its terrors and perils, it would reduce the corps of firemen to the level of a disorderly mob. But if he could show that he was not in reality dismissed for the offence charged, and that the charge was merely a pretext to cover his dismissal for other and different reasons; more especially for causes which the ordinance declares should not subject him to removal, then he would have a right of action against the Commissioners.   He would under such circumstances show that they had not acted in good faith; that they had not exercised an honest judgment on the case; but that they had acted maliciously and corruptly.   The ordinance provides that the employés of this Department "shall be entitled to retain their respective positions for such time as they evince willingness and capacity to discharge the duties pertaining thereunto efficiently,

O'Neill *vs.* Register, *et al.*

harmoniously with their associates, and satisfactorily to the Fire Commissioners; said employés shall not be subject to removal on account of any political, religious or other sentiments entertained by them, so long as said opinion or sentiment does not interfere with the faithful and efficient discharge of their respective duties as employés of the Fire Department.'' If O'Neill was really removed on account of his political or religious sentiments, the Commissioners could not evade responsibility by setting up the pretence of some justifiable cause for their action. But it is not sufficient to make such a charge against them. It must be established by evidence. There is very little difference in the testimony on the subject of the public altercation between the plaintiff and his superior officer; the plaintiff himself and his witnesses agree very closely on this subject with the testimony for the defendants. A serious offence was committed against the discipline of the Department and it was visited with an adequate and appropriate punishment. It is alleged that this punishment was inflicted not for the offence which merited it, but because of political and personal animosity; and testimony was offered tending to show that certain of the Commissioners were hostile to the plaintiff because of his political preferences and votes. But giving the greatest effect to this testimony it has no tendency to show that the sentence of dismissal was not just; and that it was not the result of an honest exercise of judgment on the part of the Commissioners. There is not the least semblance of proof that their judgment was not founded on the reasons which they assigned for it. They had the right to exercise their own judgment, and it was their duty to do so; and for the fair and faithful discharge of their responsibilities they cannot be made amenable before any tribunal.

The plaintiff offered to prove in his first and third exceptions that during the time he was in the service of

O'Neill *vs.* Register, *et al.*

the Fire Department, he evinced willingness and capacity to discharge his duties harmoniously with his associates, and satisfactorily to the Fire Commissioners. And in the second and fourth exceptions he offered to prove that his general reputation was excellent for integrity, sobriety and professional merit as a fireman. The Court rejected these offers and refused to permit the testimony to go to the jury. The plaintiff was dismissed for disrespect to his superior officer; the matter charged against him was one single, distinct and specific offence; and the inquiry at the trial was, whether the Commissioners had violated their duty in dealing with this charge. The plaintiff's conduct on previous occasions, his capacity and efficiency and his general reputation had no bearing on the question of his guilt or innocence of the charge made against him, nor upon the propriety and fairness of the Commissioners' judgment. The evidence was therefore totally irrelevant.

The Court below instructed the jury that there was no evidence legally sufficient to show that in dismissing the plaintiff the Commissioners acted maliciously or dishonestly; and that therefore their verdict ought to be for the defendants. This is also our opinion.

*Judgment affirmed.*