[File No. 6294.]

STATE OF NORTH DAKOTA EX REL. BERT M. SALISBURY, Petitioner, v. FRANK A. VOGEL, Respondent.

(256 N. W. 404.)

138

Opinion filed September 19, 1934.

*C. Liebert Crum,* for petitioner.

*Hon. P. O. Sathre,* Attorney General, and *Chas. Verret,* Asst. Attorney General, for respondent.

PER CURIAM: Petitioner invokes original jurisdiction of this court

conferred by § 87. of the constitution in an application for a writ of quo warranto directed to the respondent to show by what authority he continues to act as state highway commissioner. In support of his application he shows:

"that large sums of public money, both state and federal, are now being administered, or should be now administered, under the supervision of the State Highway Commissioner, and that many public works are dependent for their continuation or initiative upon the determination of the question of who is the State Highway Commissioner, that a condition of drought and depression exists over most of the state of North Dakota and a large number of persons are dependent upon federal aid and public works, which, in turn, are dependent upon public money administered by the State Highway Department and Commission; and that unless such works can be continued, and the relief program carried out as planned, there will be wide-spread suffering, and discontent, and probably civil disruption; that affiant is informed and verily believes that the federal government will refuse and has refused to advance any further money to carry out public works and relief projects to be administered by the State Highway Department until it be determined who is entitled to exercise the authority of the State Highway Commissioner of North Dakota."

The petitioner further shows that on or about March 15, 1933, the respondent was duly appointed state highway commissioner for a term of three years, or until a successor be appointed and qualified; that the respondent entered upon the discharge of his duties and continues to exercise the powers and duties of the office; that on the 10th day of May, 1934, the respondent and others were indicted by the grand jury of the United States District Court for the District of North Dakota, for an offense constituting a felony under the laws of the United States, and thereafter tried, found guilty and on June 29, 1934, sentenced to serve a term of imprisonment in the federal penitentiary, and to pay a fine of $3,000; that said judgment and sentence has not been set aside or vacated; that on July 21, 1934, the acting governor of this state did in writing, duly and legally appoint the petitioner to this position; that the petitioner duly filed his oath of office and furnished the bond required by the statute; that thereafter the petitioner served notice of his appointment upon the respondent and

demanded that respondent vacate the office and turn over said office and the books, records, files, and property to petitioner, and respondent refuses to do so, claiming the right to continue to act as state highway commissioner; that petitioner is ready, willing and able to enter upon the performance of his duties and would do so were it not for the refusal of the respondent to relinquish the possession of said office and turn over and deliver the property belonging to this department; that · the attorney general of this state has refused on demand to commence this proceeding, but has granted petitioner permission to maintain this action in the name of the state.

In addition, by stipulation between the parties, and subject to the general objections of the respondent, there was filed the affidavit of the "Senior Highway Engineer of the Bureau of Public Roads—the ranking officer in the Federal Department of the State of North Dakota," showing funds totalling $600,000 advanced by the Federal Government and ready for expenditure in the building of roads and that there is employed and paid by federal funds approximately 5,000 men at the present time and that owing to the rival contentions of the petitioner and the respondent the progress of the work is seriously hampered and the disbursement of the funds practically at a standstill.

The respondent demurs to the petition on the ground that this court "has no jurisdiction of the subject of the action until an order of removal of respondent from the office of State Highway Commissioner, if proper, has been after due notice and hearing thereon, issued by the Governor of the State of North Dakota, and on the further ground that the said Complaint and Petition does not state facts sufficient to constitute a cause of action or entitle petitioner to the Writ of Quo Warranto prayed for or for any relief whatever at this time."

Subject to the demurrer the respondent filed his return on order to show cause issued in this case. He admits his own appointment, his conviction, the appointment of the petitioner and his qualifications; that petitioner is ready, willing and able to enter upon the performance of the duties; that respondent refuses to surrender the office; and that the attorney general gave leave to the petitioner to commence and prosecute this proceeding in the name of the State.

There are two main propositions presented to this court—1st:

Should this court exercise its original jurisdiction under the showing made? 2nd: Was there such vacancy in the position of state highway commissioner as authorized the acting governor to make an appointment to fill the vacancy?

As pointed out in State ex rel. Moore v. Archibald, 5 N. D. 359, 66 N. W. 234, this court has original jurisdiction under the provisions of § 87 of the constitution to issue writs of quo warranto; that the design of such constitutional provision was not so much to confer on this court concurrent jurisdiction with the district court over such a writ "but that jurisdiction is limited to cases involving the sovereignty of the state, its prerogatives or franchises, or the liberty of the citizen; this court judging for itself in each case whether that particular case is within its jurisdiction." This view is supported in other jurisdictions under similar constitutional provisions. See People ex rel. Kocourek v. Chicago, 193 Ill. 520, 62 N. E. 179, 58 L.R.A. 833.

The sovereignty of the state is involved directly in a contest for the control of so important a position as the office of state highway commissioner. It is not necessary to more than refer to the common knowledge regarding the position, its control over highway construction and maintenance and its intimate relation to the federal government through the department of the bureau of public roads. Where the questions involved are publici juris and the sovereignty of the state is affected this court will exercise its prerogative jurisdiction. See State ex rel. Linde v. Robinson, 35 N. D. 410, 160 N. W. 512.

The respondent says the issue is merely one of private concern—the contest between two persons for the control of an office—and that the lower court should first hear and determine the matter if it be a matter for courts in the first instance. If this were true then the court would be justified in refusing to exercise original jurisdiction. See State ex rel. Steel v. Fabrick, 17 N. D. 532, 117 N. W. 860; State ex rel. Walker v. McLean County, 11 N. D. 356, 92 N. W. 385; State ex rel. Byrne v. Wilcox, 11 N. D. 329, 91 N. W. 955; Duluth Elevator Co. v. White, 11 N. D. 534, 90 N. W. 12.

But this is more than a contest between two individuals for the emoluments of an office. The highway department is an agency of the state. The state highway commissioner is a state official. The work of the department and the powers and duties of the commissioner

affect not only the whole state but the state itself in relation to the federal government. The record shows the amount of work on hand, its widespread character, the vast sums involved, the great number of citizens of the state gainfully employed in this time of economic distress. The controversy is such that an immediate determination is essential for the orderly processes of government, and the maintenance of the sovereignty of the state and the welfare of its citizens. We hold that this is a proper case for the exercise of the original jurisdiction of this court.

In view of the holding of this court in proceedings brought by Ole H. Olson against William Langer, already determined, there can be no controversy over the power of the acting governor to discharge the rights and duties of the office of governor. Therefore the second proposition for the court to determine is whether there was such a vacancy in the office as authorized the acting governor to make an appointment to fill the vacancy.

The record shows no attack upon the qualifications of the petitioner; but it is strenuously contended that the respondent cannot be removed from the office to which he was appointed for a period of three years without a hearing before the governor, with opportunity to contest the same and a decision from that authority.

The petitioner was appointed by the governor of this state under the provisions of chapter 125 of the Session Laws of 1933. Section 1 of this statute says the commissioner "shall be subject to removal by the Governor for neglect of duty, or for nonfeasance or malfeasance in office. . . ." The respondent says until removed there is no vacancy, that he cannot be removed without notice and a hearing, and therefore the acting governor had no authority to appoint the petitioner to the office. This, in the main, is the gist of the contention of the respondent in addition to issues involved in Olson v. Langer, supra. The respondent raises the question of the meaning of the term "conviction of a felony" as such matter is raised in the Olson v. Langer matter; but in addition urges that his is a statutory position; that the proceedings are in the nature of a removal from office and that this cannot be done without a hearing.

With this contention of the respondent we cannot agree. Section 683 of the Code (Comp. Laws, 1913) says:

"Every office shall become vacant on the happening of either of the following events:"

naming ten. The fourth is "his removal from office." The eighth is "his conviction of a felony. . . ."

The fourth sub-division was not the basis of the appointment of petitioner. The appointment of the petitioner was made under the eighth sub-division, on the theory that the respondent has been convicted of a felony.

The crucial question involved is not the removal of the respondent from office. The statute says an office becomes vacant when the incumbent is convicted of a felony. The conviction of a felony ipso facto causes a vacancy. See McKannay v. Horton, 151 Cal. 711, 91 P. 598, 13 L.R.A.(N.S.) 661, 121 Am. St. Rep. 146; Re Obergfell, 239 N. Y. 48, 145 N. E. 323; State ex rel. Blake v. Levi, 109 W. Va. 277, 153 S. E. 587. The governor knows that if incumbent has been convicted of a felony automatically a vacancy occurs and he has the power and authority to fill the vacancy. He need not take steps to remove from office. The conviction did this. The vacancy is an incident to the conviction.

Respondent says that under the provisions of § 10,350, Compiled Laws, there is no suspension of his civil rights nor forfeiture of his office until his term of imprisonment begins, and that section 10,349 says: "The term of imprisonment fixed by the judgment in a criminal action commences to run only from the time of the sentence of the defendant; but if thereafter, during such term, the defendant . . . by any legal means is temporarily released from such imprisonment . . . the time during which he was at large must not be computed as part of such term."

While the record in this case does not show an appeal to the Circuit Court of Appeals of the United States we may well assume that the appeal was taken, and it is so conceded on argument; but this does not aid the respondent, or affect the "conviction of a felony," set forth in the case cited.

Sections 10,349 and 10,350 have no application to the case at bar; nor are the provisions of § 683 of the code dependent thereon.

Section 683 is complete in itself. But, even assuming that we must take into consideration the provisions of §§ 10,349 and 10,350 of the

Compiled Laws they are not to be construed as desired by the defendant. Section 10,350 provides:

"A sentence of imprisonment in the penitentiary for any term less than for life suspends all the civil rights of the person so sentenced, and forfeits all public offices, and all private trusts, authority or power, during the term of such imprisonment."

It is the contention of the respondent that having furnished bail he is not subject to imprisonment at present, and that the forfeiture of public office so as to cause a vacancy as provided in section 683 is suspended during the time he is out on bail.

These two §§—10,349 and 10,350—state explicitly that the term of imprisonment begins from the time of the sentence. It is the sentence of imprisonment that forfeits all public offices. The giving of bail does not affect the date of the sentence of imprisonment. The term of imprisonment begins on that time; but in computing the number of days, months or years to be served such time as is covered by the period a person is out on bail is not considered. A person may be sentenced to imprisonment on a certain date. His imprisonment begins that moment. It may be, for example, that two days afterwards he furnishes bail and he may be out on bail for several months. Nevertheless his term of imprisonment began and he has served two days of his time. In computing the remainder of the term the time he is on bail is excluded. The time of the sentence of imprisonment is the time of the forfeiture, even if §§ 10,349 and 10,350 be applicable to this case.

As shown in Re Obergfell, 239 N. Y. 48, 145 N. E. 323, supra, § 683 "does not mean that a vacancy shall exist in those cases and those cases only, where the incumbent is subjected to physical restraint." The abridgment of his term of office is not a punishment for his offense. Re Rouse, 221 N. Y. 81, 116 N. E. 782. It is an automatic limitation upon the duration of his office. McKannay v. Horton, 151 Cal. 711, 91 P. 598, 13 L.R.A.(N.S.) 661, 121 Am. St. Rep. 146, supra; State ex rel. Anderson v. Fousek, 91 Mont. 448, 8 P. (2d) 791, 84 A.L.R. 303. It is not affected by the possibility that the judgment may be reversed and the defendant later found not guilty. "Its meaning is that one convicted of a felony shall not retain a post of honor." Re Obergfell, 239 N. Y. 48, 145 N. E. 323, supra;

McKannay v. Horton, 151 Cal. 711, 91 P. 598, 13 L.R.A.(N.S.) 661, 121 Am. St. Rep. 146, supra.

It is not necessary to more than refer to the case of Olson v. Langer for the definition of "conviction of a felony," and its effect. In the light of that decision the respondent was "convicted of a felony." Having been convicted of a felony there was immediately a vacancy in the office of the state highway commissioner. The record does not show this vacancy was filled by the governor of the state or the acting governor until the appointment involved herein. In view of the holding of this court that the lieutenant governor of this state is the acting governor and that the powers and duties of the office of the governor devolved upon him it was within his powers and duties to appoint the petitioner. Petitioner having been appointed and duly qualified as required by law is entitled to the possession of the office, is entitled to the records and files of the office, and is entitled to exercise the powers and duties of the office. The writ therefore will issue in accordance with the preliminary order made herein.

BURR, Ch. J., and BURKE and NUESSLE, JJ., and McKENNA, Dist. J., concur.

CHRISTIANSON, J., disqualified, did not participate, HON. GEORGE M. McKENNA, Judge of the Third Judicial District sitting in his stead.

MOELLRING, J. (dissenting). I dissent, for the same reasons indicated by my dissenting opinion in the case of State ex rel. Olson v. Langer, ante, p. 68, 256 N. W. 377.