NEAL *v.* PARKER.

4-5822                                              139 S. W. 2d 41

Opinion delivered March 11, 1940.

—PAGE 10]

*E. W. Brockman,* for appellant.

*Hopson & Hopson,* for appellee.

MEHAFFY, J. The Southeast Arkansas Levee District was created by act 83 of the acts of 1917. Section 3 of said act provides that the district shall be managed and controlled by a board of six directors, for which purpose said levee district is divided into three sub-districts. The act also provides for the number of directors for each sub-district, and that all of the sub-directors shall be real estate owners, owning not less than 160 acres subject to levee tax within their respective districts, and shall be qualified voters under the laws of the state. The directors named in the act were R. B. Chotard, W. Dixon Trotter and C. Warfield. The act provided that these directors shall serve until the end of the calendar years 1918, 1920 and 1922, respectively, and that their successors shall be elected at the general state election in 1918, 1920 and 1922, respectively, for a term of six years; that they should qualify and enter upon the discharge of their duties on the first day of January following their election. J. N. Holcomb and Joe Demarke were appointed directors of the second sub-district, to serve until the end of the calendar years 1920 and 1922 respectively, and that their successors should be elected for a term of six years at the general state election in 1920 and 1922, respectively, and that

they should qualify and enter upon the discharge of their duties on the first day of January following their election. Gus Waterman was appointed director for the third sub-district. Joe Demarke, who had been elected as a member of the board, and whose term would expire in 1940, removed from the district and from the state, and thereby created a vacancy. C. T. Neal was elected, received certificate of election from the county court of Desha county, filed the bond required, and on January 1, 1937, took oath and qualified under act 83 of the acts of 1917. He served as an active member of the board until January 1, 1939. In the fall of 1938, Parker had his name placed upon the ticket at the general election, claiming that Neal was not legally elected and that there was a vacancy. No one else was a candidate for the place, and Parker received a majority of the votes. About January 1, 1939, Parker took the oath of office, and has been performing the duties as commissioner since that date, the board refusing to recognize Neal any longer.

Neal filed suit in the circuit court in April, 1939, seeking to oust Parker, and also on April 13, 1939, filed an action in the county court contesting the certificate of election issued to Parker on the ground that it was void for the reason that no vacancy existed at the time.

The complaint alleged that Neal was a resident of Desha county, Arkansas, a qualified elector, owning more than 160 acres of land located in the second sub-district of the Southeast Arkansas Levee District; that the defendant, J. L. Parker, is a resident of Desha county, Arkansas; that the Southeast Arkansas Levee District is an improvement district created under act 83 of the acts of 1917; that the law creating said levee district provides that the directors elected as provided in said act shall hold the office for the time specified in said act and until their successors are elected and qualified; that prior to 1934 Joe Demarke was elected in accordance with the terms of said act to serve as a member of the board of directors, and the term to which he was elected will expire December 31, 1940; that the said Joe Demarke, after the election, qualified as provided in

said act, and served as a member of the board of directors until he vacated the office; that sometime prior to the first day of January, 1936, the said Joe Demarke moved away from Desha county and the state of Arkansas; established his legal residence in the state of California, and the position of director held by him was thereby rendered vacant. Act 83 above mentioned provides that when a vacancy occurs on the board of directors of said district, a successor shall be elected at the next general election after said vacancy occurs and the successor so elected shall serve for the unexpired term, and until his successor is elected and qualified; that at the election in November, 1936, under the terms and provisions of said act, C. T. Neal was duly elected at said election to fill the unexpired term of office previously held by the said Joe Demarke; that thereafter, on January 1, 1937, plaintiff qualified by taking the general oath prescribed by the law, filed the bond required, and entered upon the discharge of his duties as a member of the board of directors of said levee district, and has continued to serve and is now a duly elected, qualified and acting member of said board of directors, and that the term for which he was elected and to which he qualified will not expire until December 31, 1940; that plaintiff has not relinquished said office, and at no time abandoned, refused to serve or in any manner evidenced any intention to relinquish said office; that since he was qualified to said office in the manner aforesaid, no legal action has been instituted to declare that a vacancy exists in said office; in fact no vacancy has existed therein since plaintiff qualified as aforesaid. Plaintiff further states that the defendant, J. L. Parker, is illegally, contrary to the constitution of the state of Arkansas, and without authority of law, making some claims to the office which is held by the plaintiff; that said Parker and other members of the board of directors, except the member from the third district, are endeavoring through fraud and collusion to encourage said Parker to make unlawful claims to said office and to prevent plaintiff from serving as a member of the board of directors

of said district; that said office is a civil office and being a civil office, the defendant Parker is not entitled to the possession of said office, nor to the rights and emoluments thereof; that said Parker is a usurper of the office, is illegally attempting to perform the duties thereof, and that plaintiff is a duly qualified and acting member, and is entitled to said office and to perform the duties of the same, for the following reasons:

"1. Plaintiff was duly elected and qualified to said office.

"2. At the time of his election and now, he is a qualified elector in said county.

"3. That said term to which he qualified will not expire until December 31, 1940.

"4. That the said J. L. Parker is ineligible to hold said office in that he does not possess the qualifications mentioned, set out and prescribed under act No. 83 of the general assembly of the state of Arkansas for the year 1917, and acts amendatory thereof.

"That the said J. L. Parker is a usurper attempting to exercise the duties of the office of member of the board of directors of the Southeast Arkansas Levee District contrary to the constitution of the state of Arkansas and act 83 of the acts of the general assembly of the state of Arkansas for the year 1917, and acts amendatory thereof."

Plaintiff prayed judgment that the defendant is not entitled to said office, and that he be ousted therefrom, and plaintiff be declared entitled to said office and put into possession of same, and for general and proper relief.

A demurrer was filed to said complaint, stating first; that the complaint did not state facts sufficient to constitute a cause of action against the defendant; second, that the court has no jurisdiction of the subject of this action.

The defendant filed motion to require plaintiff to make his complaint more definite and certain.

The plaintiff then filed the following amendment to his complaint:

"That the defendant, J. L. Parker, is assuming to perform and discharge the duties of the office of commissioner of the Southeast Arkansas Levee District under and by virtue of a certificate of election issued in pursuance of the general election held on the 8th of November, 1938, and claims that he was duly elected as a member of said board to fill the unexpired term made vacant by the said Joe Demarke, and the said J. L. Parker claims to have qualified in pursuance of said certificate of election and, therefore, claims to be the rightful holder of said office.

"That the certificate of election issued by the county judge of Desha county, Arkansas, and the subsequent attempted qualification as said commissioner of the Southeast Arkansas Levee District by the said J. L. Parker are void and of no effect for the following reasons:

"1. That the term made vacant by the removal of the said Joe Demarke from the district was legally filled by the election of the plaintiff to said office in the general election in 1936, and that said term of office does not expire until 1940, and that therefore there was no vacancy to be filled at the election in 1938 and the said J. L. Parker could not legally be elected to the office until the expiration of the term held by plaintiff.

"2. That at the time the said J. L. Parker placed his name upon the ticket to be voted upon in the general election in 1938 as said commissioner, he was not at the time a qualified elector for the reason that he was not legally assessed for the purpose of payment of a poll tax and that said J. L. Parker is not now a qualified elector of Desha county for the reason that he did not make a valid and legal assessment for the purpose of paying the poll tax.

"That the said J. L. Parker is, in pursuance of said illegal election and said illegal qualification to office, performing the duties of a commissioner of the South-

east Arkansas Levee District and is, therefore, usurping the office to which he is not entitled by law."

The defendant filed answer denying all the material allegations in the complaint, and making the following exhibits part of his answer:

"Exhibit 'A': Petition to the county board of election commissioners.

"Exhibit 'B': Form of ballot.

"Exhibit 'C': Petition to the county board of election commissioners.

"Exhibit 'D': Form of ballot.

"Exhibit 'E': Certificate by election commissioners; and certificate of election, and order of county court November 14, 1938.

"Exhibit 'F': Complaint filed in the county court by C. T. Neal against J. L. Parker."

The case came on for trial June 12, 1939, and the following is the judgment of the circuit court:

"It is, therefore, considered, ordered and adjudged by the court that the demurrer to the complaint as amended be and the same is sustained and the cause dismissed. The plaintiff saves exceptions to the ruling of the court in sustaining the demurrer and dismissing said complaint."

Motion for new trial was filed and overruled, and the case is here on appeal.

The complaint alleges that C. T. Neal is a resident and qualified elector of Desha county, owning more than 160 acres of land located in the second sub-district of the Southeast Arkansas Levee District; that some time prior to the first day of January, 1936, Joe Demarke, one of the directors, moved away from Desha county and the state of Arkansas and established his legal residence in the state of California; that at the next general election, 1936, the plaintiff, C. T. Neal, was duly elected at said election to fill the unexpired term of said office previously held by Joe Demarke; that he thereafter

qualified and entered upon the discharge of his duties as a member of the board of directors; and is now acting as a member of said board, and that the term for which he was elected will not expire until December 31, 1940; that he has not relinquished the office and at no time abandoned it or refused to serve; that since he has qualified no legal election has been instituted to declare a vacancy and that there is no vacancy. It is further stated that J. L. Parker is illegally, contrary to the constitution of the state of Arkansas, and without authority of law, making claims to the office; and that Parker and other members are endeavoring, through fraud and collusion, encouraging Parker to make unlawful claims, and to prevent plaintiff from serving as a member of the board; that said Parker is a usurper of the office and that Neal is entitled to said office for the reasons above set out.

The only questions before the court is whether the complaint states facts sufficient to constitute a cause of action, and whether the court had jurisdiction.

"Pleadings under the code are liberally construed and every reasonable intendment is indulged in favor of the pleader, and in testing the sufficiency of a complaint on general demurrer, the court indulges every reasonable intendment in its favor, and if the facts stated, together with every reasonable inference arising therefrom constitute a cause of action, the demurrer should be overruled." *Manhattan Const. Co. v. Atkisson,* 191 Ark. 920, 88 S. W. 2d 819; *Ark. Bond Co. v. Harton,* 191 Ark. 665, 87 S. W. 2d 52; *Herndon v. Gregory,* 190 Ark. 702, 81 S. W. 2d 849, 82 S. W. 2d 244; *Beene v. Hutto,* 192 Ark. 848, 96 S. W. 2d 485.

Sections 14325 and 14326 of Pope's Digest read as follows:

"Section 14325. In lieu of the writs of *scire facias* and *quo warranto,* or of an information in the nature of a *quo warranto,* actions by proceedings at law may be brought to vacate or repeal charters, and prevent the usurpation of an office or franchise. The action to repeal or vacate a charter shall be in the name of the state, and

brought and prosecuted by the attorney general, or under his sanction and direction, by an attorney for the state."

"Section 14326. Whenever a person usurps an office or franchise to which he is not entitled by law, an action by proceedings at law may be instituted against him, either by the state or the party entitled to the office or franchise, to prevent the usurper from exercising the office or franchise."

A usurper is not only one who intrudes into a vacant office, but one who ousts the incumbent without any color of title.

"A 'usurper of a public office' has been defined as 'one who intrudes himself into an office which is vacant, or ousts the incumbent, without any color of title,' and further it has been declared that 'a usurper is not an officer at all, or for any purpose; for there cannot be a *de facto* officer when a *de jure* officer already fills the office'." *Morton* v. *City of Aurora*, 96 Ind. App. 203, 182 N. E. 259; *Commonwealth* v. *Bush*, 131 Ky. 384, 115 S. W. 249, 252.

While there is some conflict in the authorities as to what constitutes usurpation, we think the complaint in this case states a cause of action under § 14325 of Pope's Digest. This section expressly provides for the bringing of proceedings at law to prevent the usurpation of an office, and § 14326 provides that the action may be brought by the party entitled to the office.

We, therefore, conclude that the court erred in sustaining a demurrer to the complaint, and for this error the judgment of the court is reversed, and the cause is remanded with directions to overrule the demurrer and proceed with the trial of the case.