Honorable Carl A. Crow, Jr. Prosecuting Attorney P.O. Box 1620 Hot Springs, Arkansas 71902-1620
Dear Mr. Crow:
This is in response to your request for an opinion regarding Amendment 51, 11(a)(4) of the Arkansas Constitution. You have asked the following specific question:
 Is a county clerk required to cancel the registration of a voter who has entered a plea of guilty to a felony, but against whom no judgment of conviction has been entered and who has been placed on probation?
It appears that the answer to your question is no. Amendment 51, 11(a)(4) (Cum. Supp. 1985) authorizes the county clerk to cancel the registration of voters "who have been convicted of felonies and have not discharged their sentence or been pardoned."
The question posed involves a determination of what constitutes a conviction of a felony with respect to enforcement of collateral effects. In this instance, the cancellation of one's voter registration is a collateral effect in that it is not punishment for the commission of the felony itself but arises by operation of the constitutional provision. See May v. Edwards, 258 Ark. 865,529 S.W.2d 647 (1975). The Arkansas Supreme Court has addressed this question on several occasions. The definition of "conviction" or "convicted" adopted by the court refers to a final judgment by the court. See Merritt v. Jones, 259 Ark. 380,533 S.W.2d 497 (1976); May v. Edwards, supra. Since there apparently is no final judgment in this instance, it cannot be said that the voter has been convicted of a felony within the meaning of Amendment 51.
Based on the foregoing, it may be concluded that the county clerk would not be required to cancel the voter registration.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.