Honorable Ted C. Capeheart, Judge Ninth Judicial Circuit P.O. Box 546 Ashdown, AR 71822
Dear Judge Capeheart:
This is in response to your request for an opinion on the following question:
 What constitutes a conviction so far as removing someone from the vote registration list?
Section 11 of Amendment 51 of the Arkansas Constitution provides in pertinent part:
 (a)(4) It shall be the duty of the Permanent Registrar to cancel the registration of voters: . . . who have been convicted of felonies and have not discharged their sentence or been pardoned. . . .
The question posed involves a determination of what constitutes a conviction with respect to the enforcement of collateral effects. The cancellation of an individual's voter registration is a collateral consequence of the individual's conviction which arises by operation of the constitutional provision and not as punishment for the commission of the crime itself. May v. Edwards, 258 Ark. 865,877, 529 S.W.2d 647 (1975). In determining whether a judgment constitutes a conviction with respect to enforcement of collateral effects, the Supreme Court of Arkansas has stated that, ". . . before such effects are enforced, the judgment must not only be subject to reversal, but it must also have been carried into effect by actual imposition of sentence." Id. at 877 (citing Owen v. State, 86 Ark. 317, 111 S.W. 466 (1908); Huddleston v. Craighead County, 128 Ark. 287, 194 S.W. 17 (1917); State Medical Board v. Rogers, 190 Ark. 266, 795 S.W.2d 83 (1935); Tucker v. State, 248 Ark. 979, 455 S.W.2d 888 (1970); Sutherland v. Arkansas Dept. of Insurance, 250 Ark. 903, 467 S.W.2d 724 (1971). The term "conviction" or "convicted" has been defined in terms of a final judgment or sentence entered by the court. May v. Edwards, supra, at 877-78; Merritt v. Jones, 259 Ark. 380, 384,533 S.W.2d 497 (1976).
In State Medical Board v. Rodgers, supra, at 272, the court made the following statement
There are numerous cases to the effect that a person may not be deprived of his right to franchise or his right to hold office under a statute or constitutional provision taking away the right to vote or the right to hold office upon conviction of a felony . . . except upon final judgment of conviction and sentence, and that where the sentence has been suspended, the judgment is not final, and there has been no conviction within the meaning of such statutes and constitutional provisions.
While Rodgers, supra, did not directly involve an interpretation of Amendment 51, the language articulated by the court appears to be clear in that a judgment must be final for disqualification as a voter to result as a consequence of conviction.
In Merritt v. Jones, supra, the court did address the issue of what constitutes a conviction under Amendment 51. In that case, the defendant was found guilty of tax evasion under provisions of the Internal Revenue Code. The defendant was sentenced to a fine of $5,000.00 and imprisonment. The sentence of imprisonment was suspended and the defendant placed on probation. The defendant argued that the judgment, imposing the fine, was not a final conviction because there was no imposition of a penitentiary sentence. The court found that the sentence with regard to the fine was a final conviction for purposes of Section 11 of Amendment 51. In reaching this conclusion, the court stated:
 Had there been no fine imposed, then we would agree that the judgment was not final as there was something remaining to be done. In fact, however, a fine was imposed and in that regard the judgment was final and left nothing to be done but enforce execution or collection of the fine. . . . There was an immediate and final sentence of a fine of $5,000.00 and neither the imposition nor execution of that sentence was suspended. Also, if there be any doubt remaining, we adopt the principle that there can be no fine unless there is a conviction.
259 Ark. at 383-84 (citing Almond v. Countryside Casualty Company,329 F. Supp. 137 (W.D.Ark. 1971)).
It should also be noted that A.C.A. 5-4-301(d)(1) and (2) make clear that a judgment of conviction can only be entered if either a sentence to pay a fine is imposed or if the defendant is actually sentenced to term of imprisonment. Thus, in instances where the individual is placed on probation or receives a suspended sentence, such judgments would not constitute a conviction of a particular crime. Furthermore, upon successful completion of a term of probation or suspension, the judge shall discharge the defendant who "shall not thereafter be subjected to any disqualification or disability imposed by law upon conviction of the offense." A.C.A. 5-4-311(b).
Based on the foregoing, it is reasonable to conclude that a judgment constitutes a conviction for purposes of Amendment 51, Section 11 when the matter is finally disposed of through sentencing, whether the punishment involves penitentiary time, a fine, or some other means. It may be concluded, however, that a person whose sentence is suspended has not been "convicted" for purposes of Section 11 of Amendment 51.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General
SC:ljm