The Honorable V.O. "Butch" Calhoun State Representative Post Office Box 7 Des Arc, Arkansas 72040-0007
Dear Representative Calhoun:
This is in response to your request for an opinion on whether an elected city clerk may retain her office after pleading nolo contendre to charges of tampering with a public record, a class D felony as set forth in A.C.A. § 5-54-121 (Cum. Supp. 1993).
Included with your request was a copy of a document entitled "Conditions of Suspension of Imposition of Sentence" which indicates that the Circuit Court of Woodruff County suspended imposition of sentence in this case for a period of one year ending in April, 1996, upon certain conditions, including that the clerk will be on probation until that date and that the clerk make restitution. The document also states that "[i]f the Court revokes your suspension of imposition of sentence, a judgment of conviction will be entered in this case. . . ."
Article 5, section 9, of the Constitution of Arkansas provides:
 No person hereafter convicted of embezzlement of public money, bribery, forgery or other infamous crime shall be eligible to the General Assembly or capable of holding any office of trust or profit in this State.
It has been held that "other infamous crime" includes any felony. Powersv. Bryant, 309 Ark. 568, 832 S.W.2d 232 (1992). The constitutional provision also has repeatedly been applied to municipal offices. See,e.g., Powers, 309 Ark. 568; May v. Edwards, 258 Ark. 871, 529 S.W.2d 647
(1975).
It has also been held, however, that before collateral effects of a felony conviction, including those under Ark. Const. art. 5, § 9, may be enforced, "the judgment must not only not be subject to reversal, but it must also have been carried into effect by actual imposition ofsentence." May, 258 Ark. at 877 (emphasis added).
The court in Campbell v. State, 300 Ark. 570, 781 S.W.2d 14 (1989), distinguished May, holding that a judgment of conviction may be subject to reversal but still be a "conviction" for purposes of Ark. Const. art. 5, § 9. The court in Campbell stated, however, that "a different situation would be presented and a different result might be required" if, as in Owens v. State, 86 Ark. 317, 111 S.W. 466 (1908), "the judgment failed to actually impose a sentence. . . ." Campbell, 300 Ark. at 575.
There is no indication in the documents enclosed with your request that the Circuit Court of Woodruff County has imposed a sentence in the case at hand; indeed, the documents affirmatively indicate that the court expressly suspended imposition of sentence.[1] The documents also suggest that, consistent with A.C.A. § 5-4-301(d) (Cum. Supp. 1993), a "judgment of conviction" has not been entered in the case, such being prohibited where imposition of sentence is suspended unless the defendant is sentenced to pay a fine or is sentenced to a term of imprisonment with imposition of sentence suspended as to an additional term of imprisonment.
In view of the foregoing, it is my opinion that the clerk has not been "convicted" within the meaning of Ark. Const. art. 5, § 9, and thus may retain her office.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] Suspension of imposition of sentence is not the equivalent of suspension of execution of sentence. Compare A.C.A. § 5-4-104 (Cum. Supp. 1993) (imposition) with A.C.A. § 16-90-115 (execution). See also
Op. Att'y Gen. 91-425 for a discussion of the distinction.