The Honorable Brent Haltom Prosecuting Attorney Eighth Judicial District Miller County Courthouse, Room 6 Texarkana, AR 71854
Dear Mr. Haltom:
This is in response to your request for an opinion concerning the existence of a vacancy in the office of school board member. You have asked that I render an opinion "on when the office of a school board member becomes vacant, if that member is no longer a bona fide resident of the district to which the member was elected." You have stated the question, specifically, as follows:
 Does the School Board have to declare the vacancy in this case or does it occur immediately as a matter of law when a member ceases to live in the district that elected the member?
Your question appears to be premised upon the assumption that the individual no longer meets the residency requirement for serving on the school board. See Ark. Const. art. 19, § 4 and A.C.A. § 6-13-616(a) (Repl. 1993). I will thus assume that this is the case, and will not discuss the residency requirement other than to direct your attention to a previously issued opinion on that subject. See Op. Att'y Gen. 95-222A
(copy enclosed).[1]
With regard to your specific question, it is my opinion that there is no immediate vacancy when the school board member ceases to reside, for purposes of service on the board, in the district. Rather, a vacancy may be declared by the board in that instance in accordance with A.C.A. §6-13-613(f) (Repl. 1993), which provides as follows:
 Should a local school board member accept employment at a distance from the school district such that it renders the maintenance of his residence in the district impossible or impracticable, should he remove his actual, bona fide residence outside the district boundaries, on other than a temporary basis, should he fail to attend a meeting of the school board for over a period of ninety (90) days, his office as a school board member, and any positions held thereon, may be declared vacant by a majority vote of the remaining school board members, and his successor shall be appointed as prescribed by law.
A condition of ineligibility will obviously arise if the board member is no longer a "qualified elector" of the school district. A.C.A. §6-13-616(a). See also Op. Att'y Gen. 95-222A at 2 (regarding the "qualified elector" requirement). But it does not follow that such ineligibility vacates the office ipso facto. See Stafford v. Cook,159 Ark. 438, 252 S.W.2d 597 (1923). According to my research, there is no statute automatically declaring a vacancy in that instance. Compare
A.C.A. § 6-13-612.[2] In the absence of such a statute, the general rule is that the mere existence of the ineligibility does not create a vacancy if the incumbent was eligible to hold the office upon assuming it. Stafford, supra. See also May v. Edwards, 258 Ark. 871,529 S.W.2d 647 (1975). In such a case, the incumbent becomes a de facto
officer who may be removed in the manner provided by law. As stated inStafford:
 . . . when the induction into office is legal and the person so inducted is eligible at the time, this continuation in the office prevents a vacancy until he abandons the office or is removed therefrom in the manner provided by law. Mere existence of grounds for removal does not constitute a vacation of an office. . . .
159 Ark. at 444.
Assistant Attorney General Elisabeth A. Walker prepared the following opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] I also assume that your question is intended to pertain to a school board member who is still exercising the duties of the office, i.e., there has been no abandonment of the office, nor has he or she voluntarily vacated the office such that there is an actual vacancy in the office to be filled in accordance with A.C.A. § 6-13-611 (Repl. 1993).
[2] Under this provision, in the event a school board member is convicted of a felony, "a vacancy shall exist on that board of directors from the date of the final judgment of conviction." A.C.A. § 6-13-612(a) (Repl. 1993). The prosecuting attorney must then "immediately notify" the board of "the existence of a vacancy." Id. at subsection (b).