## OWEN *v.* STATE.

### Opinion delivered May 25, 1908.

1. CONTINUANCE—CUMULATIVE EVIDENCE.—As a general rule, there is no abuse of discretion in refusing a continuance for the absence of a witness whose testimony would have been merely cumulative. (Page 319.)

2. VIEW—RIGHT OF ACCUSED TO ACCOMPANY JURY.—Accused cannot complain that he was not allowed to accompany the jury to view the scene of the crime if he was present when the view was ordered, and, being at large upon bail bond, could have accompanied the jurors, had he desired to do so. (Page 320.)

3. WITNESS—DISQUALIFICATION.—A witness is not disqualified because he pleaded guilty to a charge of an infamous crime if the court withheld sentence during his good behavior. (Page 321.)

4. APPEAL—GENERAL EXCEPTION TO SEVERAL INSTRUCTIONS.—A general exception to several instructions given will not be entertained on appeal if any one of them be good. (Page 322.)

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

### STATEMENT BY THE COURT.

In April, 1907, the place of business of L. & E. Wertheimer, a corporation organized under the laws of the State of Arkansas, was burglarized and whisky and cigars to the value of $13.70 taken. Bose Owen was charged with the offense, and was indicted for burglary and grand larceny, charged in separate counts. He was tried and convicted in both counts. The case is here on appeal.

*Nixon & Shaw,* for appellants.

1. A continuance should have been granted. A defendant is entitled to process for his witnesses. Const. art. 2, § 10; 50 Ark. 162; *Ib.* 25; 54 *Id.* 243; 62 *Id.* 286, 564; 77 *Id.* 146; 71 *Id.* 180.

2. It was error to send the jury to view the vicinity of the crime without accompanying them to show the place, or sending some one for that purpose. Kirby's Digest, § § 2379-80; 30 Ark. 328. The defendant should have been allowed to accompany the jury. 51 Ark. 553.

3. The court erred in permitting Dellmon to testify, and in afterwards refusing to exclude his testimony. Bish. on Cr. Law, vol. 1, § 1166; Gr. on Ev. vol. 1, § 379; 1 Wharton on Cr. Law, 783.

4. The verdict is not sustained by the law nor the evidence. 37 Ark. 274; 41 *Id.* 173; 55 *Id.* 593.

5. There was error in the instructions. For the rule as to corroboration, see Kirby's Digest, § 2384; 30 Ark. 117; 37 *Id.* 67; 40 *Id.* 482; 43 *Id.* 367; 45 *Id.* 165; 50 *Id.* 523; 63 *Id.* 547; 64 *Id.* 247 and 121. As to circumstantial evidence, see 1 Greenleaf on Ev. § 13*a*.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

1. A continuance was properly denied. All the alleged testimony was but cumulative.

2. The record shows that the jury were accompanied by two regular deputy sheriffs. Defendant was at large on bail,

and at liberty to follow the jury to the scene of the crime. His *voluntary* absence will not vitiate the verdict. Kirby's Digest, § 2339; 52 Ark. Ark. 285.

3. It is the judgment of a court that renders one infamous, not the guilt. 1 Bishop, Cr. Law (5 Ed.), § 975; Wigmore on Ev. § 521.

4. Objections to instructions were not separately and severally saved. 84 Ark. 73; 75 *Id.* 81; 80 *Id.* 528.

HART, J., (after stating the facts.) Appellant assigns as error the action of the trial court in refusing to grant his motion for a continuance.

His motion alleged that the absent witnesses, if present, would testify that the rope used at the residence of the defendant, Bose Owen, to clean out flues was a small grass rope not larger than three-eighths of an inch, and that no such rope was used in burglarizing Wertheimer's warehouse. The testimony for the State tended to show that the rope found in the warehouse on the morning after the alleged burglary was an inch rope. The evidence adduced by the defendant tended to show that the rope he used to clean out his flues was a half inch rope. Hence the testimony of the absent witnesses on that point would have been cumulative. Besides, Lizzie Owen, the sister of defendant, who testified in his behalf, stated that she thought the rope was still at the residence of the defendant. The production of the rope would have obviated the necessity of the testimony of the absent witnesses.

The motion for a continuance also alleged that said witnesses, if present, would testify that the defendant and his companions were drinking on the afternoon before the night of the burglary. Defendant adduced testimony to this effect at the trial, which was not contradicted. This testimony would, also, have been cumulative.

It is the general rule that there is no abuse of discretion in the trial court refusing a continuance for the absence of a witness whose testimony would have been merely cumulative. *Carroll* v. *State,* 71 Ark. 403; *Pratt* v. *State,* 75 Ark. 350; *Vanata* v. *State,* 82 Ark. 203.

The second proposition of the appellant assigned as error is in sending the jurors to visit the scene of the crime without

accompanying them for the purpose of showing them the place to be viewed, or sending some other person with them for that purpose. This assignment of error is not well taken.

Without going into details, it is sufficient to state that an examination of the record shows that sections 2379 and 2380 of Kirby's Digest, directing the manner of the view, were strictly followed.

Counsel for appellant, also, complains that the defendant was not permitted to accompany the jury to view the scene of the crime. On this point, we quote from the record as follows:

"At the time of the view and proceedings last above mentioned, the defendant and his counsel were present in the court room—the defendant being at large upon his bail bond. No order was made by the court directing the defendant to accompany the jury, nor did he request permission to do so, and no exception was made at the time on that account; but he left the court on his own volition two or three minutes after the jury had retired. Upon the hearing of the motion for a new trial in this case it was admitted in open court by Mr. T. Havis Nixon, one of defendant's counsel, that defendant remained in the court room until after the jury had gone out by advice of the counsel; he, Mr. Nixon, having directed him to sit still and say nothing."

Counsel for appellant base their contention upon the decision of this court in the case of *Benton* v. *State,* reported in 30 Ark. 328.

The court held that if, during the progress of a criminal trial, a view of the locality where the crime is alleged to have been committed is ordered by the court, the defendant must be permitted to accompany the jury. This view of the law proceeds upon the theory that the jurors, from their observation of the place and its surroundings, might receive a kind of evidence from mute things, and that, as by the bill of rights the accused must be confronted with the witnesses, if he was not present, such action on the part of the jury would be regarded as taking a substantive step in the trial during the absence of the defendant. But it will be perceived from the opinion in that case that the defendant was indicted for murder in the first degree, and that, after the order for the view was made, he was again remanded to the custody of the sheriff. While the record is silent as to

whether Benton asked permission to accompany the jury, we think the action of the court in remanding him to the custody of the sheriff was tantamount to a refusal to permit him to accompany the jury. To say the least of it, it affirmatively appears from the record in that case that Benton was absent when the view was made by the jury.

In the present case, the record shows that appellant was on bail, and that he was present at the commencement of the trial. This much appears from the record. If he was not present at any subsequent stage of the trial when any substantive step was taken, it devolved upon him to show that fact. *Bond* v. *State,* 63 Ark. 504.

The record does not disclose whether or not appellant accompanied the jurors to the scene of the crime; but the record does show affirmatively that an officer of the court, duly sworn as required by the statute, was sent with them to point out the place they were to view. If the appellant did not go, it would have been an easy matter to have shown that fact and embodied it in his bill of exceptions. Certainly, the court did not refuse to permit him to accompany the jury, and, for aught we know, he may have gone with them to the scene of the crime. The record shows that he was present when the jury left to go to the locality of the crime, and that in two or three minutes thereafter he himself left the court room. If he did not accompany the jurors, it was doubtless owing to the advice of his counsel. The record shows that his counsel advised him to remain in the court room while the jurors were passing out. Immediately afterwards the defendant left the court room, and, if he did not go with the jurors to the scene of the crime, we presume it was because he did not desire to go, or that he stayed away on the advice of his counsel. We think this may be considered as a voluntary absence on his part. In the case of *Darden* v. *State,* 73 Ark. 319, it was held that the defendant had no right to complain that testimony was taken during his voluntary absence from the trial.

Counsel for appellant next assigns as error the action of the court in refusing to exclude the testimony of Clarence Sellman.

The objection to him as a witness was that he had been

convicted of the crime of grand larceny several years before the
crime in question is alleged to have been committed.   In sup-
port of his objection, the following entry in the criminal record
book of the circuit court of Jefferson county, Arkansas, was
produced:

"State of Arkansas

             *v.*

Clarence Sellman.

"On this day comes the State of Arkansas by G. C. Martin,
and comes the defendant in his own proper person, and enters
his plea of guilty to the indictment herein to the crime of grand
larceny.   Wherefore it is the judgment of the court that sentence
be withheld herein during the good behavior of the defendant."

It is of no consequence here, and it is not necessary to de-
cide, whether or not a circuit court has the power to indefinitely
suspend or postpone sentence or judgment where there   has
been returned a verdict of guilty, or where the defendant has
entered his plea of guilty, for the reason that it is not shown
that sentence was subsequently pronounced.   If the guilt of
the party should be shown by his plea of "guilty," which has not
been followed by judgment, the proof does not go to the com-
petency of the witness.   1 Greenleaf on Evidence, (16th Ed.), §
375.   The universal rule is that it is not the guilt that disqualifies
the witness, but that it is the judgment itself that renders him
infamous.   1 Bishop on Criminal Law (5th Ed.), § 975; 1 Wig-
more on Evidence, § 521.

Counsel for appellant next contend that the court erred in
its instructions to the jury.   The language of the objection to
them as shown in the bill of exceptions is as follows:

"To all of the above instructions, numbered one, six, nine
and ten, the defendant duly objected and excepted."   Appellant
now admits that two of these instructions were correct, and they
appear to the court to be a proper statement of the points which
they embrace.   A general exception to several instructions will
not be entertained on appeal if any of them are good.   *Young*
v. *Stevenson,* 75 Ark. 81; *Kansas City Southern Ry. Co.* v.
*Morris,* 80 Ark. 528; *Mathews* v. *State,* 84 Ark. 73.

We think the instructions given by the trial court are a full
and comprehensive statement of the law applicable to every theory

of the case. Hence there was no error in refusing the instructions asked by appellant.

Appellant also insists that the verdict was contrary to the evidence. A careful consideration of the testimony convinces us that there was ample evidence to sustain the verdict.

Judgment affirmed.