MASSEY *v.* STATE.

4363                                    182 S. W. 2d 671

Opinion delivered October 2, 1944.

*Bon McCourtney* and *T. J. Crowder,* for appellant.

*Guy E. Williams,* Attorney General and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

KNOX, J. Appellant was charged, tried and convicted of having aided and abetted a certain Mrs. Vernnie Bilyeu to conceal the death of her bastard male child. The charge against appellant was based on §§ 2991 and 2937 of Pope's Digest, as follows:

"Section 2991: If any woman shall endeavor privately, either by herself or the procurement of others, to conceal the death of any issue of her body, male or female, that it may not come to light, although it cannot be proved that it was murdered, every such mother shall suffer the same punishment as for manslaughter."

"Section 2937: All persons being present, aiding and abetting, or ready and consenting to aid and abet, in any felony, shall be deemed principal offenders and indicted and punished as such."

These are in fact two separate sections of the act of December 17, 1838, § 2937 of Pope's Digest having been § 10 and § 2991 having been § 17 of the original act.

In his motion for a new trial, filed in the court below, appellant assigned eight alleged errors, each of which he urges here as ground for reversal of the judgment. We shall discuss these alleged errors in the order in which they appear in the motion.

Assignments one to four inclusive are to the effect that the judgment is contrary to the law and evidence and each of them. Two arguments are urged by appellant in support of these assignments: first, he contends, that only the mother can commit the crime, and that there can be in fact no accessory, and second, that even if there could be an accessory the appellant could not be found guilty here, because there is no proof that the mother sought or even desired concealment of the child's death, and since she would not be guilty as principal appellant could not be guilty as an accessory.

Appellant cites no authority in support of his first proposition. As previously pointed out, §§ 2937 and 2991 of Pope's Digest are separate sections of the same original act. It would appear, therefore, that the lawmakers intended that one who aided and abetted a mother to conceal the death of her bastard child would be guilty as an accessory under § 17, which is now § 2937 of Pope's Digest.

As to the second argument, that proof is lacking to show that the mother sought or desired to conceal the

death of the child, it must be admitted that the mother although called by the state was an unwilling witness, and she apparently sought to protect appellant as far as possible. She did, however, testify that she told appellant "to take the baby and bury it." She testified further as follows: "I said after it was dead not to say anything just on account of the children." We think the jury were justified in drawing the inference that the mother intended that burial was to be carried out by appellant in such a way as to conceal death of the child in violation of the statute.

The fifth assignment of error is as follows: "the court erred in giving and reading to the jury instructions. numbers 1, 2, 3, 4, 5, 6 and 7 over the objections and exceptions of the defendant." This is a general exception taken in gross to seven different instructions. It has been repeatedly held that a general exception to several instructions will not be entertained on appeal, if any of them is good. *Owens* v. *State,* 87 Ark. 317, 111 S. W. 466; *Tiner* v. *State,* 109 Ark. 138, 158 S. W. 1087; *Graham* v. *State,* 197 Ark. 50, 121 S. W. 2d 892. Appellant in his brief does not now argue that all, or in fact any, of the instructions so given by the court was erroneous. We are convinced that none of the instructions so given was erroneous. Certainly all of them were not. Two merely define the crime in the words of the statute and, therefore, could not be erroneous.

The sixth assignment of error is as follows: "the court erred in refusing, over the exceptions of the defendant, to give and read to the jury defendant's requested instructions 1, 2, 3, 5 and 6." Again we have an exception in gross—here because of failure on the part of the court to give instructions, instead of the act of the court in giving them. There is little, if any, difference in the rule on that account. It has been repeatedly held that an exception in gross to the court's failure to give several instructions will not be considered if any one of the instructions asked was bad. *Matthews* v. *State,* 84 Ark. 73, 104 S. W. 928; *Tiner* v. *State,* 109 Ark. 138, 158 S. W. 1087; *Rogers* v. *State,* 133 Ark. 85, 201 S. W. 845. Some

of the instructions requested were not proper declarations of law as applicable to the facts of this case, and the rules of law declared in some of the other of said instructions had been covered by instructions already given by the court. We are of the opinion that exceptions to alleged errors relative to the failure to give requested instructions have not been properly taken and preserved in the record here.

The seventh assignment of error is that "the court erred in admitting . . . incompetent, irrelevant, immaterial, and prejudicial testimony, in this, to-wit, that the prosecuting witness, Mrs. Vernnie Bilyeu, a witness for the state, . . . was permitted to testify in substance, that the defendant was the father of her bastard child, and to detail the circumstances of their immoral relations and to detail certain conversations between them and of certain plans they had made between them to cause an abortion, including things she said to the defendant and that the defendant said to her, and of certain reprimands that said witness made to defendant accusing him of wrongdoing, and to give other testimony of similar nature, all of which was highly prejudicial and did prejudice the rights of this defendant, was, by the court, admitted, over the objections and exceptions of this defendant."

The record shows that Mrs. Bilyeu was permitted to testify without objection by defendant that he was the father of the child. Over objection of appellant Mrs. Bilyeu was permitted to testify that appellant would come to her house where they would engage in sexual intercourse, that after she became pregnant she notified appellant of her condition, and he at first agreed to take her to a doctor and have the baby taken, but that he finally declined to do that. This is all of the evidence which we find in the record which tends to conform to the general statements set out in the above assignment of error. We think such evidence was competent as tending to disclose motive on the part of appellant to aid and abet Mrs. Bilyeu in the act of concealing the death of the child.

The eighth and last error assigned relates to the action of the court in refusing to allow the witness J. W. Bilyeu to testify to certain statements made to him by appellant relative to his reason for leaving home. The state took the position that appellant left home to avoid arrest, while appellant contends he was merely seeking employment in war plants. It was appellant's desire that the witness be permitted to testify that he (appellant) had told him that his reason for leaving was to find employment. The trial court refused to admit such testimony on the ground that such were self-serving declarations and incompetent. We think the trial court was correct in this ruling and that such evidence was incompetent.

As originally drawn the information charged appellant with aiding and abetting Vernnie Bilyeu in concealing "the birth and death" of her child. After the jury was impaneled and sworn appellant demurred to the information because of the surplus charge of the concealment "of the birth." The trial court permitted the prosecuting attorney to amend the information by striking out the words "birth and." Assuming without deciding that because of the allegation with respect to birth the information as originally drawn was defective, the amendment was clearly permissible under § 3853 of Pope's Digest, and the amendment certainly cured the defect, even if one existed.

On the whole case we find no error, and the judgment is affirmed.