OLIVER v. STATE.

4823                                286 S. W. 2d 17

Opinion delivered January 16, 1956.

[Rehearing denied February 13, 1956.]

*Stein & Stein,* for appellant.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Ass't Atty. Gen., for appellee.

LEE SEAMSTER, Chief Justice. The appellant, Harold Oliver, was tried in Union Circuit Court, 1st division, under an information charging him with the crime of murder in the first degree, alleged to have been committed by shooting and killing one H. H. Parks. A verdict was returned finding him guilty of murder in the second degree, and fixing his punishment at twenty-one years in the penitentiary, and from the judgment pronounced on that verdict is this appeal.

For reversal of the judgment, the appellant lists the following points: (1) the evidence is insufficient to support the verdict; (2) the court erred in giving State's instruction No. 7½; and, (3) the court erred in permitting the State to introduce the State's exhibit No. 7; also State's exhibits Nos. 8, 9, 3, 2, 12 and 10.

The evidence was to the following effect: On March 26, 1955, Harold Oliver, the appellant, along with Gene Jerry, Paul Martin and Harry Stevenson, were playing dominoes and drinking beer in the store of H. H. Parks, the victim. After playing four games, Martin had to leave, breaking up the domino game. Gene Jerry then bought a beer for himself, Oliver and Stevenson. Oliver then sat down at the counter directly in front of the stores cash register. Harry Stevenson was sitting on the next stool beside Oliver while Parks was standing behind the counter. J. C. Ward then entered the store and after inquiry Ward told Oliver that he would sell him some fish for twenty-five (25) cents per pound. Parks then said, ''That is a devil of a note, me trying to sell them for fifty (50) cents dressed and you selling them (fish)

for twenty-five (25) cents in the rough.'' Oliver said, ''Well, you don't blame me for trying to buy them as cheap as I can, do you?'' Parks answered, ''No.'' Shortly thereafter, Felton Haynes entered the store and Parks made an inquiry as to why his son-in-law had not brought him some fish as he had promised and Oliver interjected, ''A man can't always do what he says about fish.'' Parks told Oliver, ''I wasn't talking to you, and it is not any of your business.'' After Haynes left, Parks told Oliver that he should tend to his own business and not butt into his conversations with other people. Oliver then cursed Parks, who replied, ''there was not but one man that ever called me that and got away with it and that was my daddy and he held a gun on me.'' Oliver reached up and removed a ''no credit'' sign from the top of the cash register. Parks then reached for a drawer behind the cash register and Oliver stood up, pulled a pistol and fired twice at Parks. Parks then ran to the end of the counter and Oliver moved in the same direction and emptied his gun into Parks. The evidence does not reflect whether Parks died immediately or a few minutes thereafter. Two witnesses, Harry F. Stevenson and Gene Jerry, testified that they did not see a gun in Parks' hand at anytime. Deputy Sheriff Kinard found only one pistol in the store and that one was on the floor under the counter, behind a five-gallon can.

Appellant, Harold Oliver, testified in his own behalf. He admitted that he shot and killed H. H. Parks but earnestly insists that he acted in self-defense, since he was under the belief that the deceased was going to either kill him or do him great bodily harm and injury. The appellant insists that the deceased removed a pistol from the drawer under the counter.

We do not attempt to detail all of the evidence. It suffices to say that after considering all of the evidence, and when we give to it, as we must, its strongest probative force in favor of the State, the evidence was ample to warrant the jury's verdict of murder in the second degree. This Court has many times held that it would give the testimony tending to support the verdict its

highest probative value. See *Powell* v. *State*, 213 Ark. 442, 210 S. W. 2d 909; *Everett* v. *State*, 213 Ark. 470, 210 S. W. 2d 918.

In his brief, the appellant alleges that the court erred in giving State's instruction No. 7½. The appellant fails to list this assignment in his motion for a new trial, therefore, this court will not take this assignment under consideration.

Finally, the appellant alleges that the court erred in permitting the State to introduce State's exhibits Nos. 2, 3, 7, 8, 9, 10 and 12. These exhibits were photographs of the body of the deceased, the scene of the shooting and a color picture showing the spot where the deceased fell, after he was mortally wounded.

A careful review of the record reveals that State's exhibits Nos. 3 and 10 were ruled out by the trial court. The State withdrew its exhibit No. 9. Therefore, there is no merit as to appellant's objection to these three exhibits.

Exhibits 7 and 12 are photographs of the scene of the killing. These pictures were introduced only after proper foundation was laid showing that they were properly taken after the killing and accurately show the condition of the premises with reference to the cash register, the "no credit" sign and the blood stains showing where the deceased fell after the shooting. Exhibit No. 8 is a picture showing two wounds in the back of the deceased's body; this picture was taken at the morgue. Exhibit No. 2 is a picture of the front of the deceased's body, which was taken at the scene of the shooting, after the body had been placed on a stretcher. The photographs of the deceased's body showing the bullet wounds are admissible to show the area of injury to the deceased.

The admission and relevancy of photographs must necessarily rest largely in the discretion of the trial judge. We find no abuse of discretion in the admission of photographs in the instant case. Admissibility of photographs does not depend upon whether the objects they portray could be described in words, but rather on wheth-

er it would be useful to enable the witness better to describe and the jury better to understand, the testimony concerned. Where they are otherwise properly admitted, it is not a valid objection to the admissibility of photographs that they tend to prejudice the jury. Competent and material evidence should not be excluded merely because it may have a tendency to cause an influence beyond the strict limits for which it is admissible.

At the conclusion of all the testimony in the case, the trial court gave a number of instructions which we have carefully examined and find to be proper declarations of law as applicable to the facts presented. Appellant made no specific objections to any of the instructions; but rather made a general objection to all the instructions. Appellant's objection to the instructions at most was a general objection *en masse* to all of the instructions and cannot be sustained if any one of the instructions is good. *Owen* v. *State,* 86 Ark. 317, 111 S. W. 466; *Tiner* v. *State,* 109 Ark. 138, 158 S. W. 1087; *Massey* v. *State,* 207 Ark. 675, 182 S. W. 2d 671. As indicated, we think none of the instructions given by the trial court were erroneous.

We have examined other assignments in the motion for a new trial and find no prejudicial error in the record. The judgment is, therefore, affirmed.