THE STATE OF OHIO, APPELLEE, *v.* FINDLEY, APPELLANT.

(No. 1468—Decided August 27, 1973.)

*Mr. Richard J. Wessel* and *Mr. John F. Holcomb,* for appellee.

*Mr. Henry A. Masana* and *Mr. Clem Pater, III*, for appellant.

HESS, P. J. On January 25, 1971, the defendant, James Albert Findley, the appellant herein, was found guilty of murder in the first degree without a recommendation of mercy by a jury, and on February 1, 1971, was sentenced to death by the trial court as then provided by law.

Thereafter, such sentence was modified and reduced

to life imprisonment, in keeping with *Furman* v. *Georgia*, 408 U. S. 238 and *State* v. *Leigh,* 31 Ohio St. 2d 97.

A motion for a new trial was filed on January 27, 1971, and overruled on June 10, 1971. A notice of appeal and praecipe for the docket and journal entries were filed on June 17, 1971. By entries signed by the trial court, defendant was granted time, until September 15, 1972, in which to file his transcript of the proceedings. On July 6, 1972, the defendant filed a transcript of the proceedings which he designated "Bill of Exceptions."

The following certificate signed by the court reporter appears in the transcript of the proceedings: "I, Margaret Spoerl, designated as official court reporter for the aforecaptioned case, do hereby certify that the foregoing 297 pages constitute a true and complete transcript of all testimony introduced and proceedings had during the hearing of this case."

On September 18, 1972, one of appellant's counsel, Henry A. Masana, filed an affidavit, the pertinent parts of which are as follows: "that an attempt is being made to perfect an appeal to the Court of Appeals of the defendant's conviction for murder; that, toward this end, a transcript of the proceedings along with a Bill of Particulars was ordered; that the Bill of Particulars as prepared has two areas where the reporter is unable to transcribe the proceedings and in each of these instances she used the words motion made, however, cassette tape missing; that a year has passed since the trial; that he is unable to recall the nature of these motions; that each cassette tape has thirty minutes of available recording; that one of the areas of missing information is final argument of prosecuting attorney throughout which many objections were made, inasmuch as the prosecutor was using inflammatory methods in arguing to the Jury; that the other missing area was on motion during the proceedings itself and no recall can be made on these motions; and, that in view of the magnitude of the charges against the defendant, James Findley, under the law he is entitled to a complete record of the proceedings and this cannot be done, leaving

only conjecture as to what was contained on the two cassette tapes.''

It is obvious that when counsel wrote Bill of Exceptions and Bill of Particulars in his affidavit, he was referring to a transcript of the proceedings.

On September 22, 1972, defendant filed a motion to set aside the certification executed by the court reporter on the ground the transcript of the proceedings was not complete. This motion was overruled by the trial court on October 6, 1972, on the ground that there was no showing the transcript of the evidence was incomplete.

At a hearing by this court on March 9, 1973, it was evident that all of the final arguments of counsel at the trial were not included in the transcript of the proceedings. This court, sua sponte, remanded the cause to the Court of Common Pleas to correct or modify the record in keeping with App. R. 9 (E).

Pursuant to the remand of March 9, 1973, the trial court filed an affidavit on March 13, 1973, in which it stated as follows:

''I, as presiding judge in the trial of this cause have no recollection as to what was said by any of the counsel for either the state or the defendant during the course of their final arguments. Furthermore, I have no notes or any record from which my memory respecting what was said by any of said counsel in the course of such arguments could be refreshed. I, therefore, have no recollection whether any portion or portions of the final arguments were omitted from the transcript of the proceedings and if there were such omissions, of what they consisted.

''If during the course of the arguments made by any of the counsel there were objections or motions made I would have immediately ruled upon the same and if any objections or motions were sustained the jury would have been instructed by me to completely disregard and not consider such objected to statements by counsel.

''The court has, on a number of occasions since the cause has been pending in the Court of Appeals, conferred with all counsel who had engaged in the trial to obtain from

them what portion of the arguments they claim were omitted from the transcript of the proceedings, seeking thereby to refresh my recollection as to what might have been said by any of the counsel which was objected to or about which any question or questions were raised.

"I was unable to learn anything from any of the counsel and they imparted no information to me which would in any manner refresh my recollection. Not only were counsel unclear as to what, if any, objections were made during the course of arguments but were in disagreement respecting their versions concerning what might have been argued to the jury.

"Although [a] reporter was present and available no request was made by counsel for defendant or by the State that the court reporter take the arguments in shorthand. Had such a request been made it would, of course, have been granted in accordance with our practice."

At the hearing in which this cause was remanded to the trial court to correct the record, counsel for the state advised the court that he had no notes or recollection upon which he could assist in providing a narrative of the final arguments of counsel.

The defendant raises ten assignments of error which the court will consider in the order of their listing.

In assignment one, the defendant contends that "the court erred in overruling defendant's motion to set aside the certification of court reporter that the Bill of Exceptions was complete since it is apparent from the Bill of Exceptions that it is incomplete and thus the defendant is unable to perfect the record for his appeal."

The record discloses that the certification signed by the court reporter is that all of the testimony introduced and proceedings had during the trial of this cause, except the final arguments of counsel, is presented in the transcript of the proceedings. The portion of the proceedings not included in the transcript is a part of the final argument of counsel for defendant and the response thereto by counsel for the state.

The record supports the conclusion that counsel for the defendant and the state have been given every opportunity to assist the court in providing a narrative of the final argument of counsel for the state. It is clear that neither the counsel for the parties, nor the trial court can recall or provide any information to support the contention of the defendant that counsel for the state employed inflammatory methods in his final argument.

We hold that the trial court did not err in overruling the defendants' motion to set aside the certification of the transcript of the proceedings for the reason that the remarks of counsel in addressing a jury, to be the predicate of a proceeding in error upon the ground of misconduct of counsel in that regard, must be brought into the record of the trial by a certificate of the trial judge or court reporter as are other matters occurring upon the trial and in his presence. See *State* v. *Young*, 77 Ohio St. 529. The argument of counsel for the defendant that the prosecuting attorney employed inflammatory methods without presenting anything which might support such conclusion must be considered as undemonstrable and not prejudicial to the defendant.

In *Graham* v. *State*, 98 Ohio St. 77, the court concluded that the misconduct of a prosecuting attorney at a trial, which is not shown by the bill of exceptions but brought into the case only by an affidavit attached to a motion for a new trial, cannot be considered.

Applying the same rationale applied in the *Graham* and *Young* cases, we must conclude that the trial court did not err in overruling the motion of the defendant to set aside the certification of the court reporter. Assignment number one is not well taken.

In assignment two, defendant contends that the trial court "erred in overruling the defendant's motion for a change of venue."

R. C. 2931.29 provides, in part:

"If it appears to the court of common pleas, by affidavit or evidence in open court, that a fair and impartial trial cannot be had in the county where a cause is pend-

ing, such court shall order the accused tried in another county."

An examination of the record reveals that the defendant has failed to demonstrate by affidavit or evidence that a fair and impartial trial could not be had in Butler County. Neither does the record reveal that the trial court abused its discretion in refusing the defendant a change of venue. Defendant relies upon *Sheppard* v. *Maxwell*, 384 U. S. 333. in urging this court to find that the trial court erred in overruling his motion for change of venue. The facts in the case at bar are, however, distinguished from *Sheppard* in that, in the instant case, there was neither a "circus atmosphere" surrounding the trial, nor continuous and persistent vehemence and intensity to pretrial publicity, tending to infect and saturate the community and making it impossible for the defendant to have a fair trial. Defendant's second assignment of error is not well taken.

In assignment three, the claim is made that the trial court "erred in admitting the photographs of the victim despite objections by defense counsel."

In *State* v. *Woodards,* 6 Ohio St. 2d 14, the Supreme Court stated:

\* \* \* "The rule is well settled that photographs and color transparencies are not objectionable so long as they are properly identified, are relevant and competent and are accurate representations of the scene which they purport to portray. Indeed, photographs frequently convey information to the court and jury more accurately than words. *Oliver* v. *State*, 225 Ark. 809, 286 S. W. 2d 17; *Vaca* v. *State,* 150 Neb. 516, 34 N. W. 2d 873.

"Although a photograph may be rendered inadmissible by its inflammatory nature, the mere fact that it is gruesome or horrendous is not sufficient to render it inadmissible if the trial court, in the exercise of its discretion, feels that it would prove useful to the jury. *People* v. *Brubacker,* 53 Cal. 2d 37, 346 P. 2d 8; *People* v. *Jenko,* 410 Ill. 478, 102 N. E. 2d 783; *Commonwealth* v. *Novak,* 395 Pa. 199, 150 A. 2d 102.

"The real question is whether the probative value of

172

such photographs is outweighed by the danger of prejudice to the defendant. See *Wismiewski* v. *State,* 51 Del. 84, 138 A. 2d 333. But see *People* v. *Jackson,* 9 Ill. 2d 484, 138 N. E. 2d 528; *Kiefer* v. *State,* 239 Ind. 103, 153 N. E. 2d 899.''

A review of the record in the instant case fails to demonstrate that the admission into evidence of the photographs of the victim prejudiced defendant's right to a fair trial or that the trial court abused its discretion in admitting the photographs into evidence. The photographs were of sufficient probative value to outweigh any claimed prejudicial effect to the defendant. Assignment three is not well taken.

In assignment four, the defendant asserts that the trial court ''erred in not permitting one of the witnesses, Dennis Smith, to take the Fifth Amendment when he acknowledged in open court that he understood what his right meant and that at that point did not wish to testify.'' The defendant argues that he was prejudiced by the trial court requirement that Dennis Smith testify on rebuttal after Smith had attempted to claim the privilege against self-incrimination.

According to the great weight of authority, a witness is not the sole judge of the incriminating character of the evidence sought to be elicited, but whether an answer to a question would be self-incriminating is for the court to determine from the circumstances of the case and the nature of the testimony sought. 56 Ohio Jurisprudence 2d 471, Witnesses, Section 35.

In *Orum* v. *State,* 38 Ohio App. 171, the third paragraph of the syllabus states:

''* * * if a witness refuses to answer a question on the ground that the answer solicited would incriminate him, and the court disregards the claim of a witness, and requires him to answer, the defendant has no right to object, and it is not reversible error in the reviewing court even if the trial court erred in requiring the witness to answer and the testimony of the witness tended to prove the defendant guilty of the crime charged.'' It follows that defendant's fourth assignment of error is not well taken.

Defendant claims in assignment five that the trial

court "erred in denying defendant's motion to vacate [a] scheduled hearing date after defendant was prevented from taking [a] deposition of experts from the London Crime Laboratory because of misconduct of the prosecuting attorney." An examination of the record reveals that the trial court granted defendant's motion to take the deposition of Bud Clark. The order of the court does not specify the actual time and place where the deposition was to be taken, but does require that notice be given the prosecuting attorney two days before the taking of the deposition. The record fails to establish that the prosecuting attorney was given the required notice or that he was informed of the time and location of the deposition.

It is the rule in Ohio that the granting of a continuance is within the sound discretion of the trial court. *Snook* v. *State*, 34 Ohio App. 60; *Comerford* v. *State*, 23 Ohio St. 599. R. C. 2945.02 provides that no continuance will be granted "except upon affirmative proof in open court, upon reasonable notice, that the ends of justice require a continuance." In the instant case, the prosecuting attorney made a complete disclosure of the evidence he expected to introduce through the witness, Bud Clark, and also of other evidence which he intended to introduce. It is apparent that the defendant was not prejudiced and that the trial court did not abuse its discretion in refusing the defendant's motion for a continuance. Defendant's assignment five is not well taken.

In assignment six, defendant contends that the trial court "erred in admitting a letter, written by the defendant-appellant during the trial, which letter was highly prejudicial and inflammatory, preventing the defendant-appellant from receiving a fair and impartial trial, was immaterial and irrelevant." The record reveals that the defendant was searched daily for weapons upon entering and leaving the courtroom. During the trial and in the course of searching the defendant, sheriff's deputies took from the defendant a letter secreted in his shoe, such letter being written by the defendant and addressed to Kathy Findley.

On cross-examination, the defendant testified as follows:

"A. Kathy is my wife. I love her like a wife. There is nothing in this world that I wouldn't do for her.

"Q. Do you have a physical attraction for each other?

"A. I guess it is physical.

"Q. When you go to bed do you have normal sexual intercourse?

"A. Yes.

"Mr. Masana: Object. This is as to Kathy.

"By the Court: Overruled.

"Q. Will you answer the question?

"A. I did.

"Q. What was your answer?

"A. We had normal sex relations in accordance with the sexual laws."

On rebuttal, the state introduced the letter written by defendant which described various sexual activities engaged in by the defendant and Kathy Findley, some of which were in violation of R. C. 2905.44, the sodomy statute, and thus were not normal sexual relations in accordance with the sexual laws. The letter was admitted in evidence for the purpose of attacking defendant's credibility.

This fifteen page letter written by the defendant and addressed to Kathy Findley is replete with the most minute description of sex perversion engaged in by the defendant and Kathy Findley.

After the letter had been given an identification number it was offered in evidence by the state. After an objection by the defendant, the trial court refused to receive the exhibit in its entirety and ordered the first page thereof deleted and the remaining portion of the letter was admitted.

The transcript of the proceedings does not show any objection by the defendant to the introduction of the letter after the court had deleted the first page thereof and the instruction of the court in limiting the consideration the jury should give said letter.

We are compelled by the state of the record before us to conclude that the failure of counsel to raise the issue, which defendant now seeks to present upon appeal, at trial makes it impossible for this court to find the sixth assign-

ment of error to be well taken. It is beyond argument that a reviewing court will consider only such errors as were preserved by objection in the lower court. See, 3 Ohio Jurisprudence 2d 38, Appellate Review, Section 185. *State* v. *Lancaster*, 25 Ohio St. 2d 83.

Further, when the totality of the evidence is considered, the proof of defendant's guilt is overwhelming. The body of evidence presented by the prosecution in maintaining its burden of proof of the essential elements of the crime charged, much of that evidence being unchallenged, persuades us that the conviction of the accused was inevitable. Consequently, whatever transgression occurred in relation to the admission of the letter as part of the evidence can be said, in light of all the evidence, to be harmless. See, as generally supporting this conclusion, *State* v. *Edgell*, 30 Ohio St. 2d 103; *Chapman* v. *California*, 386 U. S. 18; and *State* v. *Madaris*, case number C-72419, First District Court of Appeals, unreported, decided June 11, 1973.

In assignment of error number seven, the defendant states that the trial court "erred in permitting assistant prosecuting attorney, John Holcomb, to make highly inflammatory statements about the defendant on final argument over objection by defense counsel and refused to sustain a motion for a mistrial due to his misconduct at this time."

Defendant raises the same legal question in this assignment as suggested in assignment of error number one. The reasons given in finding assignment one not well taken are applicable to assignment seven. It follows that assignment seven is not well taken.

Defendant claims in assignment eight that the trial court "erred in permitting the prosecution to cross-examine the defendant with reference to his sex life with his wife and his alleged girlfriend and in cross-examining the alleged girl friend and defendant's wife as to their sex life. In permitting the prosecution to accuse the defendant of being a Nazi, an outlaw, and a member of a gang."

It is evident that evidence tending to show the existence or non-existence of a motive is admissible and proper as reflecting upon the mental state of the accused at the

time of the commission of the crime. 15A Ohio Jurisprudence 2d 499, Criminal Law, Section 332. In the instant case, the court properly permitted the state to cross-examine the defendant, Kathy Findley, and defendant's alleged girl friend as to their sex activities. The testimony was relevant and was admissible as reflecting upon the mental state of the defendant at the time of the crime. The inquiry on cross-examination as to whether defendant was a Nazi, an outlaw, or a member of a gang was made by the state in seeking to clarify certain symbols and markings appearing on a jacket worn by defendant which was properly received in evidence. Assignment eight is not well taken.

In assignment nine, the defendant states that the trial court "erred in overruling defendant's motion to suppress the evidence in the captioned matter inasmuch as statements given by the defendant were not freely given but were coerced."

An examination of the record reveals that prior to making these statements the defendant was advised of his constitutional rights pursuant to and in accordance with *Miranda* v. *Arizona*, 384 U. S. 436. Further, the record discloses that the state produced substantial probative evidence tending to prove beyond a reasonable doubt that the statements of defendant were voluntarily made. Defendant's ninth assignment of error is not well taken.

Defendant argues, in assignment ten, that the trial court "erred in overruling defendant's motion to remove from the jury consideration of first degree murder inasmuch as the State failed to prove deliberation and premeditation." A review of the record reveals sufficient probative evidence tending to prove all the essential elements of the crime charged. Defendant's assignment ten is not well taken.

It is, therefore, the order of this court that the judgment of the Court of Common Pleas of Butler County be, and the same hereby is, affirmed.

*Judgment affirmed.*

SHANNON and PALMER, JJ., concur.