The Honorable Lona Horn McCastlain Prosecuting Attorney Twenty-Third Judicial District North 301 N. Center, Suite 301 Lonoke, AR 72086
Dear Ms. McCastlain:
I am writing in response to your request for my opinion on the following questions:
 1. Can a felon who is sentenced under Act 346 and who has not completed his sentence vote in an election?
 2. Does it matter that he was still registered to vote according to the county voter registration list?
RESPONSE
In my opinion, the answer to your first question is "yes," thus mooting your second question.
Question 1: Can a felon who is sentenced under Act 346 and who has notcompleted his sentence vote in an election?
As the Supreme Court noted in Baker v. State, 318 Ark. 223, 224,884 S.W.2d 603 (1994), Act 346 of 1975 (the "First Offender Act"), codified at A.C.A. § 16-93-303, "permits an accused who is not a prior felon to plead guilty or nolo contendere, receive a probation and later have his or her case dismissed and record expunged, if the defendant fulfills the terms and conditions of probation." The statute provides in pertinent part:
 (a)(1)(A) Whenever an accused enters a plea of guilty or nolo contendere prior to an adjudication of guilt, the judge of the circuit or municipal court, criminal or traffic division, in the case of a defendant who has not been previously convicted of a felony, without entering a judgment of guilt and with the consent of the defendant, may defer further proceedings and place the defendant on probation for a period of not less than one (1) year, under such terms and conditions as may be set by the court.
* * *
 (2) Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided.
* * *
 (b) Upon fulfillment of the terms and conditions of probation or upon release by the court prior to the termination period thereof, the defendant shall be discharged without court adjudication of guilt, whereupon the court shall enter an appropriate order which shall effectively dismiss the case, discharge the defendant, and expunge the record, if consistent with the procedures established in § 16-90-901 et seq.
A.C.A. § 16-93-303. Subsection 16-90-902(a) of the Code, captioned "Effect of expungement," provides as follows:
 An individual whose record has been expunged in accordance with the procedures established by this subchapter shall have all privileges and rights restored, shall be completely exonerated, and the record which has been expunged shall not affect any of his civil rights or liberties, unless otherwise specifically provided for by law.
At issue in your request is the application of Ark. Const. amend. 51, § 11(a), which provides: "It shall be the duty of the permanent registrar to cancel the registration of voters: . . . (4) Who have been convicted of felonies and have not discharged their sentences or been pardoned." The question is whether a plea of guilty or nolo contendere under the First Offender Act amounts to a "conviction," in which case this constitutional amendment would dictate that the felon be deprived of his right to vote until he has successfully completed the designated period of probation and had his record expunged.
In my opinion, a plea of guilty or nolo contendere under the First Offender Act cannot be deemed the equivalent of a "conviction." Subsection (a)(1)(B)(2) of the Act expressly provides that the court will not "enter an adjudication of guilt" until the offender has violated a term of his probation. As my predecessor noted in Ark. Op. Att'y Gen. No. 96-304:
 In Arkansas, the entry of a suspended imposition of sentence does not, in some cases, ever result in the entry of a "conviction." See, e.g.,
A.C.A. §§ 5-4-301(d) (Repl. 1993); 5-4-311(b) (Supp. 1995) and 16-93-303
(Supp. 1995). It has thus been held in such cases that a suspended imposition of sentence is not sufficient to create ineligibility to hold public office. See Martin v. Hefley, 259 Ark. 484, 533 S.W.2d 521
(1976) and May v. Edwards, 258 Ark. 871, 529 S.W.2d 647 (1975). See also, Campbell v. State, 300 Ark. 570, 781 S.W.2d 14 (1989) (ousting county judge from office under art. 5, § 9, but stating that "if the judgment actually failed to impose a sentence . . . a different situation would be presented and a different result might be required"), citing Owens v. State, 86 Ark. 317, 111 S.W. 466 1908) and Tucker v. State, 248 Ark. 979, 455 S.W.2d 888 (1970). See also generally, Merritt v. Jones, 259 Ark. 380, 533 S.W.2d 497 (1976); Op. Att'y Gen. 91-425 (opining that, for purposes of holding public office, a suspended imposition of sentence is not a conviction, but a suspended execution of sentence is); People v. Fabian, 192 N.Y. 443, 85 N.E. 672 (1908) (which appears to be the seminal case); Slawik v. Folsom, 410 A.2d 512 (Del. 1979); 10 A.L.R.5th 139 at § 11(b); 36 A.L.R.2d 1238 and later case service at 250.
My conclusion is fully supported by A.C.A. § 5-4-301(d)(1), which provides that a court may enter a judgment of conviction only if:
 (A) It sentences the defendant to pay a fine and suspends imposition of sentence as to imprisonment or places the defendant on probation; or
 (B) It sentences the defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment.
Neither of these necessary conditions for "conviction" applies when a court imposes only a term of probation subject to possible expungement of the record, as opposed to a fine and/or term of imprisonment. This crucial distinction was directly addressed in Merritt v. Jones,259 Ark. 380, 383, 533 S.W.2d 497 (1976), in which the Court addressed the effect of the following judgment:
IT IS ADJUDGED that the defendant is guilty as charged and convicted.
 IT IS ADJUDGED that on Count I of the indictment, the defendant pay a fine to the United States in the sum of $5,000.00 and the imposition of sentence as to imprisonment only is suspended and defendant placed on probation for a period of three (3) years. Imposition of sentence suspended on Counts II, III and IV of the indictment and defendant placed on probation for a period of three (3) years, to run concurrently with probationary period imposed on Count I.
 Appellee takes the position that because there was no imposition of a penitentiary sentence, there was no final conviction. We disagree. By the plain language of the judgment it is clear that there was a final conviction in the U.S. District Court.
 As Appellee points out in his brief, there was not a sentence of imprisonment the execution of which was suspended, but rather the imposition of sentence as to imprisonment was suspended. Had there been no fine imposed, then we would agree that the judgment was not final as there was something remaining to be done. In fact, however, a fine was imposed and in that regard the judgment was final and left nothing to be done but enforce execution or collection of the fine.
The Court echoed this point in Campbell v. State, 300 Ark. 570, 573-74,781 S.W.2d 14 (1989), in which it stressed that the mere entry of a guilty plea subject to withheld sentencing does not constitute a "conviction":
 In Owens v. State, 86 Ark. 317, 111 S.W. 466 (1908), the trial court permitted a witness to testify over the appellant's objection that the witness had been convicted of grand larceny some years previously. This court rejected the argument, noting that the judgment itself, entered on a plea of guilty, recited that the sentence "be withheld herein during good behavior of the defendant."
See also the enclosed Ark. Ops. Att'y Gen. Nos. 96-387 ("[F]or purposes of voter registration, a conviction does not occur until a final judgment actually imposing a sentence has been entered."); 87-375 (opining that it is improper to cancel the registration of a voter who has pled guilty to a felony but against whom no judgment of conviction has been entered pending probation); 88-036 (where sentence suspended, no "conviction" warranting removal from voter registration list). The right to vote, then, is not among those rights that will be restored at the time of expunction pursuant to A.C.A. § 16-90-902(a); rather, the right to vote remains intact unless and until a first offender violates parole and prompts the court to enter a "conviction" as defined above.
Question 2: Does it matter that he was still registered to vote accordingto the county voter registration list?
As established in my response to your first question, the subject of your request was fully entitled to remain registered to vote. Consequently, this question is moot.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh