The Honorable Dave Bisbee State Representative 14068 Pyramid Drive Rogers, Arkansas 72758-0116
Dear Representative Bisbee:
This is in response to your request for an opinion on two questions involving the election of community college board members. Your two questions are as follows:
 (1) Under Ark. Code Ann. § 6-61-520(b) (Repl. 1996), members of the local board of Northwest Arkansas Community College have been elected at-large by the qualified electors of the community college district. Beginning with the 1998 general election, however, since the community college district is composed of more than one school district, but not all the school districts in the county, the board is authorized under Ark. Code Ann. § 6-61-530 (Supp. 1997) to apportion a certain number of board positions for each school district. As those seats come open for election, will they be voted upon by qualified electors of the entire community college district or only those in the particular school district to which the position has been apportioned?
 (2) If, after apportionment of all board positions to the school districts that make up the Northwest Arkansas Community College District, a board member holding a seat assigned to Rogers School District moves to Bentonville School District before his term expires, does the seat become vacant?
In my opinion the answer to your first question is not entirely clear under the relevant statutes. The question is whether this statute (A.C.A. § 6-61-530), imposes only a residence requirement of one school district or the other for the board members, who would then still be elected by all the voters in the community college district, or whether it actually was intended to divide the community college district into two separate election zones, with the voters in each zone separately electing their own board members. I have found no satisfying evidence of legislative intent on the question. The ballots are already printed for the 1998 general election, and in my opinion judicial intervention would be necessary to upset or affect the proceedings for this election.
The answer to your second question will depend upon whether the board member has moved his residence to the other school district. This is a question of fact. Even if the conditions of a vacancy exist, however, it does not arise automatically.
Each of these conclusions will be expanded upon below.
The relevant statute, A.C.A. § 6-61-530, which is the codification ofAct 1258 of 1997, provides as follows:
 Beginning with the 1998 election, if the members of the local board of a community college are elected at large and the community college district is composed of more than one (1) school district, but not all the school districts in the county, the board may apportion a certain number of positions on the board for each school district according to the most recent census information, so long as all board members are residents and qualified electors of the community college district and the school district.
The relevant language, in my opinion, is that which states that "the board may apportion a certain number of positions on the board for each school district. . . ." What does it mean to "apportion a certain number of positions on the board for each school district?" The definition of the word "apportion" was discussed in Op. Att'y. Gen. 98-099, also issued to you. The word has been defined as meaning "to divide and distribute proportionally." Black's Law Dictionary, (5th Ed. 1989) at 91. See alsoWebster's Seventh New Collegiate Dictionary, 91972) at 43 (defining "apportion" as meaning "to make a proportionate division or distribution of"). It has also been stated that the word "apportion," when used in connection with electoral matters, means to allocate legislative or other elective seats among electoral districts. Moolenaar v. Todman,317 F.Supp. 226, 231 (D.C. Virgin Islands 1970). Based on these authorities, the statute could be construed to require the election of board members from separate election zones, i.e., from their respective school districts.
To conclude otherwise, the statute would have to be construed as merely imposing a residency requirement. That is, the statute could be construed as requiring an "apportionment" of board members between the two districts (i.e. a determination of the proper number of board members to represent each school district), and then requiring only that such board members be residents of the school district they represent, while still being elected by the voters of the entire community college district.Cf. and distinguish Hadley v. Junior College District, 397 U.S. 50 (1970) (election of community college board members actually elected from separate zones must meet "one man, one vote" constitutional principles) and Dusch v. Davis, 387 U.S. 112 (1967) (election of city council members at large, with imposition of mere residency requirement in a particular zone not subject to "one man, one vote" requirements).
The language employed in the statute is not conclusive, in my opinion, as to which one of these alternatives was contemplated. The first sentence of the statute makes reference to community college districts from which board members are elected at large, stating "if the members of the local board of a community college are elected at large . . ." and then the statute authorizes the option of apportioning members for each school district. It is unclear in my opinion whether the authorized option was intended to stand in contrast to the stated usual mode of election (i.e. "at large"), or whether this language requires the continuation of at-large elections.
Again, however, the issue is not entirely clear, and could benefit from legislative or judicial clarification.
It is my opinion that the answer to your second question is "no." That is, the seat does not automatically become vacant. Clearly, board members assigned to represent one school district or the other must reside in the district they represent. The statute makes this fairly plain wherein it states that the community college board may apportion the board members for each school district "so long as all board members are residents and qualified electors of the community college district and the schooldistrict." (Emphasis added.) The statute, in my opinion, requires both "qualified elector" status, and residence in the school district represented. If, as your question suggests, a board member assigned to one school district removes his residence to the other district, he will presumably no longer meet the legal qualifications for service on the board. But this is not to say that a vacancy will automatically exist, such that the board can take action under A.C.A. § 6-61-520(d)(4) to "officially recognize" a vacancy.[1] The statutes do not specify the existence of a vacancy in the event of nonresidency. Compare A.C.A. §14-44-103(b)(2) (applicable to aldermen in cities of the second class). And the Arkansas Supreme Court has held that a loss of qualification by an officer who was qualified at the time he took office does not create an automatic vacancy in office. See May v. Edwards, 258 Ark. 871,529 S.W.2d 647 (1975); Stafford v. Cook, 159 Ark. 438, 252 S.W. 597 (1923).
Legal action may therefore be necessary to have a vacancy declared if the disqualified board member refuses to vacate the office. See, e.g., Op. Att'y Gen. 96-054.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The existing statutes relating to the filling of vacancies on community college boards provide that "[w]hen a vacancy occurs, the local board shall officially recognize that the vacancy exists, enter the recognition of the vacancy upon its minutes, and notify the Governor, requesting that he make an appointment to fill the vacancy as provided by law." A.C.A. § 6-61-520(d)(4).